IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS S. WILLIAMS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-2667-M-BD |
| | § | |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Carlos S. Williams, a Texas prisoner who is serving an eight-year sentence following the revocation of his probation for a state drug offense, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As best the court understands his claims, petitioner appears to contend that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) he was denied due process; (4) and he was not properly charged with or convicted of the underlying drug offense. Because petitioner challenges the same conviction on nearly identical grounds in a federal writ pending before another judge, the instant case should be summarily dismissed as duplicative.

A court may dismiss a complaint or any portion thereof filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the allegations are frivolous or malicious. *See* 28 U.S.C. § 1915A(b). A section 2254 writ that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell,*

No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003), *citing Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) *and Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 110 S.Ct. 417 (1989). The claims raised by petitioner in his federal writ are nearly identical to those presented in a prior case, *Williams v. Thaler*, No. 3-12-CV-1281-O-BF, which is currently pending before another judge of this court. Consequently, the instant case should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b). *See Brock*, 2003 WL 21418792 at *1.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE